NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DAVID PINCHAS (Cal. Bar No. 130751)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2920
    Facsimile: (213) 894-7819
    E-mail: david.pinchas@usdoj.gov

Attorneys for Defendants
Secretary of State Michael Pompeo
and the United States Department of
State

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATEGHEH YAVARI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL POMPEO, et al.,<br><br>    Defendants. | No. CV 19-2524 SVW (JCx)<br><br>Hearing Date:  August 26, 2019<br>Hearing Time:  1:30 p.m.<br>Courtroom:     10A<br><br>Honorable Stephen V. Wilson |

1.     DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;

2.     MEMORANDUM OF POINTS AND AUTHORITIES.

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on August 26, 2019 at 1:30 p.m., as soon thereafter as they may be heard, Defendants will, and hereby do, move this Court for an order dismissing Plaintiffs' Petition for Mandamus and Complaint for Injunctive and Declaratory Relief ("Complaint") and this action. This motion will be made in the First Street Federal Courthouse before the Honorable Stephen V. Wilson, United States District Judge, in Courtroom 10A, located at 350 W. 1st Street, Los Angeles, CA 90012.

Defendants bring the motion under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted and Plaintiffs' claims are non-justiciable.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on July 15, 2019.

Dated: July 24, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  */s/ David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Plaintiffs are Iranian nationals who seek a waiver of the so-called "travel ban" issued by Presidential proclamation and upheld by the Supreme Court. Plaintiffs allege that the adjudication of their application for this waiver has been unreasonably delayed and they seek an order from this Court compelling the State Department to adjudicate their application ahead of thousands of other similarly situated applicants. Plaintiffs should not be permitted to short-circuit the deliberate vetting process that is necessary to ensure that the applicants' entry would not pose a threat to the national security or public safety of the United States.

Further, there can be no "unreasonable delay" because a consular officer already denied Plaintiffs' visa application and Defendants have no clear duty to act within a certain time period on Plaintiffs' waiver application. Moreover, the waiver process is not subject to the Administrative Procedure Act. Accordingly, the extraordinary relief of mandamus is not merited. Furthermore, judicial review of these actions is barred by the doctrine of consular non-reviewability.

## II. BACKGROUND

According to the Complaint, Plaintiff Saeid Salekian ("Salekian") is a citizen and resident of Iran and his mother, Plaintiff Nategheh Yavari, is a lawful permanent resident of Los Angeles and an Iranian national who seeks to sponsor Salekian for permanent residency in this country. Complaint at 2. Plaintiffs further allege that on January 25, 2017, Salekian was issued a notice by the U.S. consulate in Ankara, Turkey that his visa application had been refused. Complaint at 16.

Pursuant to Presidential Proclamation 9645, 82 Fed.Reg. 45161 (September 27, 2017), President Trump indefinitely suspended the entry of nationals of Iran, and other countries, into the United States, except under valid student and exchange visitor visas and subject to case by case waivers. In <u>Trump v. Hawaii</u>, 138 S.Ct. 2392, 2408 (2018), the Supreme Court rejected a challenge to the lawfulness of Proclamation 9645.

1  Plaintiffs concede that Salekian is precluded from receiving a visa unless he is granted a
2  waiver of Proclamation 9645.  Complaint at 3.
3       Less than one year ago, on August 1, 2018, Plaintiffs' counsel filed a request for a
4  waiver of Proclamation 9645 with the United States Embassy in Ankara, Turkey.
5  Complaint at 17.  On August 6, 2018, the American Embassy advised Plaintiffs' counsel
6  that Plaintiffs' case was "refused" pursuant to Proclamation 9645 and the process of
7  reviewing eligibility for a waiver thereof is "an extensive and time-consuming
8  process….[that would not be] completed sooner than 6 to 10 months" in the future.  See
9  Exhibit H to Complaint.  Nevertheless, Plaintiffs filed this action seven months later.
10      The waiver process requires careful vetting because the individuals seeking visas
11 thereunder are from countries with serious flaws in their vetting and coordination
12 processes.  See Proclamation 9645 § 1(h)(j).  Thus, a lengthy security check process is
13 necessary to detect "foreign nationals who may commit, aid or support acts of terrorism,
14 or otherwise pose a safety threat." Id. §1.  Plaintiffs' application is still pending.
15 Complaint at 18, 22.
16      A recent report on the implementation of Proclamation 9645 reveals there are over
17 12,000 cases undergoing interagency security reviews to resolve whether entry of the
18 applicants would pose a threat to national security or public safety.  Much of this
19 enhanced screening and vetting process is conducted manually. This report is available at
20 the following web address:
21 https://travel.state.gov/content/dam/visas/presidentialproclamation/Combined%20-
22 %20Report%20on%20Implementation%20of%20PP%209645%20December%2007%20
23 2017%20to%20March%2031%202019.pdf.
24      Plaintiffs seek relief from this Court under the Mandamus Act, 28 U.S.C. § 1361
25 and the Administrative Procedure Act, 5 U.S.C. § 706(1) ("APA").  Complaint at 23-26.
26 Plaintiffs also seek a declaration from this Court that the State Department's delays are
27 unreasonable and violate the APA.  Id. at 27.
28   //

2

## III. ARGUMENT

### A. Plaintiffs' Claims Are Not Reviewable

The doctrine of consular non-reviewability precludes judicial review of a consular officer's refusal of a visa application. See Allen v. Milas, 896 F.3d 1094, 1107 (9th Cir. 2018). To the extent Plaintiffs' application has been refused by a consular official, such decision is not reviewable by this Court.

To the extent Plaintiffs attempt to couch their claims as seeking to compel action "unreasonably and without justification delayed" as opposed to review of Plaintiff Salekian's refused visa, Plaintiffs have not pled facts that would warrant the grant of relief under either the APA or the Mandamus Act. Plaintiffs cannot point to a nondiscretionary duty to act on the waiver applications, much less within a certain time frame. The processing of a waiver application is committed entirely to agency discretion by Presidential Proclamation 9645 – a Presidential action that is not subject to the APA or Mandamus given the absence of a nondiscretionary duty. See East Bay Sanctuary Covenant v. Trump, 909 F.3d 1219, 1256 (9th Cir. 2018) (stating that the President is not an agency and his actions are not subject to APA requirements).

### B. Plaintiffs Are Not Entitled to Mandamus

Furthermore, mandamus is an "extraordinary remedy" Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

//

3

Furthermore, Proclamation 9645 explicitly states:

> This proclamation is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Proclamation § 9(c). Because Plaintiffs have no legal entitlement to a waiver of the Proclamation, there is no duty that can give rise to the writ of mandamus that Plaintiffs seek.

### C. Plaintiffs Have Not Established Unreasonable Delay

Even if Plaintiffs could properly assert a claim for relief based on delay, they have not shown the unreasonable delay necessary for either their mandamus or their APA claims. "It is not unreasonable for delays to occur . . . where any agency with limited resources is attempting to adjudicate an ever-increasing number of applications." L.M. v. Johnson, 150 F. Supp. 3d 202, 214 (E.D.N.Y. 2015); Zheng Fan v. Upchurch, 2008 WL 11339971 at * 1-2 (C.D. Cal. May 7, 2008) (declining to review pace at which adjudication of an immigration application is conducted).

Here, Plaintiffs have neither alleged, nor shown, any facts that establish unreasonable delay. Instead, Plaintiffs have simply shown that the waiver process can take months, as they were warned, a period of time that is far from "extraordinary" when considering the national security interests implicated and the volume of applications being processed. See Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380 (2004). Indeed, the case-by-case determination of whether to grant a visa in numerous contexts frequently took months even prior to the promulgation of the Proclamation. See, e.g., Patel v. Rodriguez, 2015 WL 6083199, at *6 (N.D. Ill. Oct. 13, 2015) ("Plaintiffs have remained on the waiting list because there is a long line of applicants ahead of them. Thus, while Plaintiffs' applications have surely been delayed, the Court has no basis for finding the delay unreasonable.").

//

In L.M., the Court, in the context of the adjudication of U-visa applications, found that "[w]hile two years of delay is not insubstantial, the court cannot find, as a matter of law, that Plaintiffs have alleged facts that would entitle them to the relief requested." 150 F. Supp. 3d at 214.  Similarly, the instant Plaintiffs have offered no basis from which this Court can infer that the decision times for individual waiver decisions are unreasonable.  The discretionary remedy of mandamus should also be discouraged here because the remedy Plaintiffs seek would, "if . . . anything, move [Plaintiffs'] application to the front of the line at the expense of other applicants whom . . . are [not] less deserving of prompt adjudication." Pesantez v. Johnson, 2015 WL 5475655, at *3 (E.D.N.Y. Sept. 17, 2015).  That Plaintiffs are attempting to bypass set procedures at the expense of thousands of other visa applicants only underscores why they are not entitled to mandamus relief.

With respect to Plaintiffs' claim for declaratory relief, the law is settled that the Declaratory Relief Act, 28 U.S.C. § 2201, does not create an independent cause of action.  See Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp., 642 F.3d 849, 853 (9th Cir. 2011).  Thus, Plaintiffs' claim for declaratory relief is derivative of their other invalid claims against Defendants and must fail for the same reasons.  Because Plaintiffs' claims are not judicially reviewable, their Complaint should be dismissed.

**IV.   CONCLUSION**

For all the foregoing reasons, Defendants request that Plaintiffs' Complaint be dismissed.  Because further amendment would be futile, Defendants further request that

//
//
//
//
//
//
//

5

dismissal should be without leave to amend.  See <u>Albrecht v. Lund</u>, 845 F.2d 193, 195 (9th Cir.1988) (dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

Dated: July 24, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

      */s/ David Pinchas*
DAVID PINCHAS
Assistant United States Attorney

Attorneys for Defendants