## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

JS-6

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [12]

### I.   Introduction

Plaintiffs Nategheh Yavari ("Plaintiff Yavari") and Saeid Salekian ("Plaintiff Salekian") in this action seek to challenge Defendants failure to issue a final decision on both Plaintiff Salekian's family-based visa and his application for a waiver from Presidential Proclamation 9645. Because Plaintiffs' own admissions confirm that the family-based visa has been refused pursuant to 8 U.S.C. 1182(f) (the statutory authorization for the Proclamation itself), and Plaintiff Salekian's waiver application has been pending for 14 months, this Court GRANTS Defendants' Motion to Dismiss. Given the facts alleged, neither mandamus relief nor injunctive relief under the Administrative Procedure Act are appropriate, even if this Court sets aside the question of whether the waiver process under the Proclamation constitutes a reviewable "agency action." 5 U.S.C. § 706(1).

### II.   Factual and Procedural Background

Plaintiffs brought this case against defendants Michael Pompeo in his official capacity as Secretary of State and the State Department ("Defendants") on April 4th, 2019, seeking mandamus, injunctive, and declaratory relief in regard to Plaintiff Salekian's application for a waiver of the general suspension of entry of Iranian nationals pursuant to Presidential Proclamation 9645. Dkt. 1.

Plaintiff Yavari is a United States permanent resident and Iranian national who currently resides

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

in Los Angeles. Dkt. 1, ¶ 7. Plaintiff Salekian is her son, an Iranian national currently residing in Tehran. *Id.* at ¶ 34. Plaintiff Yavari initiated a family-based permanent residency sponsorship process for Plaintiff Salekian pursuant to the Immigration and Nationality Act ("INA") on March 31, 2010. *Id.* at ¶ 1. According to the timeline required for such family-based sponsorships, Plaintiff Salekian applied for a family-based visa on August 24th, 2016. *Id.* In advance of a scheduled Immigrant Visa Interview on January 25, 2017 at the US Embassy in Ankara, Turkey, the State Department cancelled that interview and designated the case for administrative processing. *Id.*

On September 27th, 2017, President Trump issued Proclamation 9645 ("Proclamation 9645"), 82 Fed. Reg. 45161, which indefinitely suspended the entry of nationals of Iran, and other countries, into the United States, except under valid student and exchange visitor visas and subject to case by case waivers. Neither party to this case disputes that Plaintiff Salekian is subject to this Proclamation as an Iranian national. Dkt. 1, ¶ 1.

On August 1, 2018, counsel for Plaintiffs submitted an inquiry regarding the status of Plaintiff Salekian's family-based visa application and filed documents expressly requesting a waiver of Proclamation under Section 3(c). *Id.* On August 6, 2018, the Embassy responded in relevant part with this statement:

> I would like to reiterate that currently, your case is still undergoing administrative processing. We are reviewing all of the cases that are now impacted by the Presidential Proclamation and pending administrative processing and will promptly update the case status online, as soon as there is an update. As with all cases impacted by Presidential Proclamation 9645, this case is refused under Section 212(f) of the Immigration and Nationality Act. A Consular Officer will then review the cases for eligibility for a waiver under the Presidential "under the Presidential Proclamation. This is an extensive and time-consuming process, and we appreciate your patience, as we review all of our affected cases. There is no separate application for a waiver."

> As soon as we have reviewed the case to determine if a waiver proposal is warranted, we will update the case status on our website at https://tr.usembassy.gov/visas/immigrant-visas/iv-status-check. If we need further information, we will contact you via email.

Initials of Preparer _____ : _____

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|----------|----------------------|------|------------|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

> We do not expect the administrative processing to be completed sooner than 6 to 10 months from now, but as soon as the processing is completed, we will immediately contact you with the next steps on your case.

Dkt. 1-1, Exhibit H. As of the time of this Order, Plaintiff Salekian has not yet received a decision regarding his waiver application, a delay of roughly 14 months. Dkt. 1, ¶ 3.

Plaintiffs alleges two causes of action, first mandamus (pursuant to 28 U.S.C. § 1361, the relevant officer-specific mandamus statute) relief requiring the State Department to adjudicate and issue a final decision regarding both his initial family-based visa application and his waiver application pursuant to Proclamation 9645. Dkt. 1, ¶ 54-62. Plaintiff also argues that under the Administrative Procedure Act ("APA") § 555(b) and § 706(1), Defendants' failure to issue a decision on both the family-based visa application and the waiver application constitute both failure to act "within a reasonable time" upon a matter presented to Defendants, and an agency action "unreasonably delayed" and thus subject to a court action compelling Defendants to issue a decision. Dkt. 1, ¶ 63-73.

Defendants filed a Motion to Dismiss on July 24, 2019 on a variety of grounds, arguing that Plaintiff's claims are not reviewable under the doctrine of consular non-reviewability, that Plaintiffs are not entitled to mandamus relief given the facts alleged, and that Plaintiffs have not established an unreasonable delay necessary for either the APA or mandamus claims. Dkt. 12, pp. 3-4. At the motion hearing on August 26, 2019, Plaintiffs emphasized that they were only contesting the lack of any decision on both the family-based visa and the waiver application, rather than the grant or refusal by Defendants, avoiding the need to consider consular non-reviewability arguments. In Defendants' reply brief, they included additional arguments, asserting that Plaintiff Salekian's family-based visa has been properly refused, and that Defendants actions are alternatively precluded from judicial discretion under APA § 701(a)(2) or that the Proclamation itself is not subject to the APA. Dkt. 20, pp. 1-3.

**III.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. When evaluating the sufficiency of a pleading under Fed. R. Civ. P. 12(b)(6), a court may consider only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); s*ee also United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

## IV. Analysis

### a. Plaintiff's initial visa has been refused under "other applicable law" pursuant to the Immigration and Nationality Act, § 212(f)

As noted in the section above and acknowledged by Plaintiffs in their Supplemental Briefing, this Court is permitted to consider Exhibit H to Plaintiff's Complaint. Dkt. 1-2, Exhibit H. It contains an email statement by a State Department official that "this case is <u>refused</u> under Section 212(f) of the Immigration and Nationality Act." *Id.* (emphasis added). This is consistent with Defendant's assertion both at the 8/26/19 hearing, and in their initial and follow-up briefing, that Plaintiff's initial family-based visa was denied pursuant to Presidential Proclamation 9645. Dkt. 12, pg. 2; Dkt. 26, pg. 1.

22 C.F.R. § 42.81 states that "[w]hen a visa application has been properly completed and executed . . . the consular officer must either issue or refuse a visa under INA 212(a) or INA 221(g) or

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | |
| | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

other applicable law." Here, "other applicable law" is clearly cited in Exhibit H to Plaintiff's Complaint— Section 212(f) of the INA. The validity of the Proclamation itself, and the President's power to refuse visas on this very basis has recently been upheld by the Supreme Court. *Trump v. Hawaii*, 138 S.Ct. 2392, 2408 (2018). Plaintiffs cite to 22 C.F.R. § 40.6 which requires visa refusal to be based on "a ground specifically set out in the law" to argue that this statement by the Embassy was deficient, but again this requirement is satisfied by reference to § 212(f). Dkt. 1, ¶ 16.

In the supplementary briefing provided by Plaintiffs, they argue that refusal under INA § 212(f) is also only temporary because it is subject to reversal if Plaintiff Salekian's waiver under § 3(c) of the Proclamation is approved, or alternatively that it is "automatic" rather than based on the merits. Dkt. 25, pp. 3-4. But there is no indication in any of the materials submitted by Plaintiffs that the refusal by the State Department in Exhibit H was "temporary" rather than "permanent", and the express text of the Proclamation makes it clear that entry by Iranian nationals is suspended entirely for the duration of the proclamation (excluding the waiver program and certain exceptions inapplicable here). Dkt. 1-1, Exhibit A, pg. 6. There is no indication in the text of the Proclamation that a waiver under § 3(c) of the Proclamation would in any way "revive" a prior visa application. *Id.* at 8-10.   Plaintiffs provide no justification under statute or caselaw for why an "automatic" rejection of a visa under "applicable law," here INA 212(f), would fail to satisfy the requirements of 22 C.F.R. § 42.81(a).

Plaintiffs additionally invoke 22 C.F.R. § 42.81(e), stating that if a visa is refused, and the applicant provides evidence tending to overcome the ground of ineligibility on which the refusal was made, "the case shall be reconsidered." But in this Court's determination, the structure and text of the Proclamation coupled with Plaintiff Salekian's undisputed status as an Iranian national, no grounds have been adequately pled (or can be adequately pled) to require reconsideration of that initial visa.

Plaintiff acknowledges applying for a waiver under the Proclamation's requirements and alleges in the Complaint that the State Department indicated the "case continued to undergo administrative processing," seeking to distinguish final refusal on the basis of those State Department statements. Dkt. 1, pg. 18. But Plaintiff Salekian's "case" is not solely his family-based visa application. It is clear to the Court from the face of the State Department email that the "administrative processing" in question concerns the pending, recently received waiver application under the Proclamation, rather than the initial visa request that was expressly refused under INA § 212(f). Dkt. 1-1, Ex. H. This Court is not required

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

to accept "unreasonable inferences" in deciding a 12(b)(6) motion, and accordingly determines that factual allegations in Plaintiffs' Complaint coupled with the attachments to that Complaint make it clear that Plaintiff Salekian's initial family-based visa has been refused by the State Department, rather than merely delayed for administrative processing. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018).

Therefore, the relevant durational period for consideration of Plaintiffs' mandamus and APA claims should only extend from August 6, 2018 (when the State Department acknowledged receipt of the waiver application) until the date of this Order.

> **b. Mandamus relief is not appropriate given the facts alleged in Plaintiffs' Complaint.**

United States district courts have original jurisdiction over any mandamus action intended to compel an officer or employee of a federal agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Because this Court is not certain that the State Department's actions here constitute "final agency action" for purposes of § 555(b) or § 706(1) of the APA, we choose out of an abundance of caution to analyze mandamus under § 1361 separately from the APA "unreasonable delay" analysis below, noting however that the relief sought under each statute is effectively the same. *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

"An order pursuant to § 1361 is available only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (cleaned up). Mandamus of any kind is generally considered an "extraordinary remedy." *Brown v. Holder*, 763 F.3d 1141, 1151 (9th Cir. 2014).

Here, the third requirement largely hinges upon whether Plaintiffs have an APA-mandated right to judicial review under § 555(b) or § 706(1). If they do, they have an adequate statutory remedy elsewhere, and their mandamus claim must fail. *See, e.g. Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1023 (N.D. Cal. 2019). For the purposes of this analysis, the Court assumes *in arguendo* that the APA does not apply, in which case the third requirement of "no adequate remedy" would be fulfilled by the facts

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

alleged here.

However, the language used in Section 3(c) of the Proclamation effectively precludes a finding that the agency or official duty in question is "is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt." *Patel*, at 931. The express text of the Proclamation states that:

> (c) **Waivers**. Notwithstanding the suspensions of and limitations on entry set forth in section 2 of this proclamation, a consular officer, or the Commissioner, United States Customs and Border Protection (CBP), or the Commissioner's designee, as appropriate, *may, in their discretion, grant waivers on a case-by-case basis* to permit the entry of foreign nationals for whom entry is otherwise suspended or limited if such foreign nationals demonstrate that waivers would be appropriate and consistent with subsections (i) through (iv) of this subsection. The Secretary of State and the Secretary of Homeland Security shall coordinate to adopt guidance addressing the circumstances in which waivers may be appropriate for foreign nationals seeking entry as immigrants or nonimmigrants.

Dkt. 1-1, Ex. A, pg. 9 (emphasis added). Other portions of Section 3(c) note that waivers may be granted only if the consular officer or Customs and Border Protection official is individually satisfied that (A) denying entry would cause the foreign national undue hardship; (B) entry would not pose a threat to the national security or public safety of the United States; and (C) entry would be in the national interest. *Id.* The Proclamation then provides ten specific examples of potential scenarios where an individual waiver, *given specific underlying facts*, would potentially be eligible for a waiver. *Id.* at 10.

Plaintiffs assert in their Complaint that current State Department guidance "confirms that consular officers <u>must</u> issue waivers to nationals of the countries listed in the Proclamation when they determine that the visa applicant meets the three criteria specified in Section 3(c)." Dkt. 1, ¶ 25 (emphasis added). But they then cite Section 3(c)(i) of the Proclamation itself, which contains no such mandatory language. Dkt. 1-1, Ex. A. Exhibit B to the Complaint is a letter addressed to Senator Chris Van Hollen, in which an Assistant Secretary of the State Department describes procedures regarding case-by-case waivers of the Proclamation. Dkt. 1-1, Ex. B. It uses the phrases "may be issued", "may

Initials of Preparer          :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|----------|----------------------|------|------------|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

grant", and "might be appropriate" in discussing State Department official's duty, but only uses the word "must" in mandating that State Department officers *consider* a waiver for a foreign national who fulfills. *Id.*

Because mandamus under § 1361 only applies to ministerial, nondiscretionary duties, it cannot be appropriate in the context of a decision that is (by design) entirely discretionary. Nothing in the Proclamation's language, or the guidance detailed in follow-up notification creates a mandatory duty to issue a decision in a time period determined by this Court or any other body. Consideration of the three factors noted in the Proclamation requires fact-intensive, specific inquiry and cannot appropriately be described as "ministerial". *Patel v. Reno* is instructive— the Ninth Circuit barred the Indian Consulate from suspending a visa application decision for eight years given mandatory language contained in the relevant provisions of the INA. 134 F.3d, at 932; *see also Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) (finding mandatory language like "shall" determinative in concluding that a decision was nondiscretionary in the context of 8 U.S.C. § 1154(b)). Accordingly, the mandamus relief provided by 28 U.S.C. § 1361 simply does not apply to an expressly discretionary waiver process like that created by Presidential Proclamation 9645.

Plaintiffs' request for mandamus relief under 28 U.S.C. § 1361 is DENIED on this basis.

**c.  If the waiver process is an "agency action" reviewable under 5 U.S.C. § 706(1), the facts as alleged do not constitute an "unreasonable delay" as a matter of law.**

> **i.  *Whether Defendants' implementation of the waiver process is "agency action" reviewable under the APA***

The Court begins this analysis by noting that the exact contours of Presidential authority and judicial review have been the topic of much litigation in recent years. Accordingly, we begin by stating the less disputed areas of relevant caselaw. Executive agencies covered by the APA are required to conclude matters presented "within a reasonable time", 5 U.S.C. § 555(b), and the APA gives courts the ability to "compel agency action… unreasonably delayed". 5 U.S.C. § 706(1). The State Department is indisputably an "agency" for purposes of the APA. *Allen v. Milas*, 896 F.3d 1094, 1102-1103 (9th Cir.

Initials of Preparer

:

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

2018). Courts generally analyze these two statutory requirements ("within a reasonable time" and "unreasonable delay") under the same standard. *In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809, 813 (9th Cir. 2015)

It is less clear whether the State Department's implementation of a Presidential Proclamation is itself an "agency action" subject to APA review. The President's actions are not subject to the APA, *Franklin v. Massachusetts,* 505, U.S. 788, 801 (1992), and the Ninth Circuit has acknowledged that it cannot review the Proclamation directly under the APA. *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 770 (9th Cir. 2018). However, the Ninth Circuit has indicated that an agency rule, coupled with reference to Presidential Proclamation 9645, is APA-reviewable on the basis that taken together, they constitute "an operative rule of decision" subject to review. *Id.*

Similarly, the Ninth Circuit has characterized officer suits against executive branch officials charged with carrying out the instructions contained in Proclamation 9645 as APA-reviewable, because these agencies have "consummat[ed]" their implementation of the Proclamation, from which "legal consequences will flow," their actions are "final" and therefore reviewable under the APA. *Hawaii v. Trump*, 878 F.3d 662, 680-681 (9th Cir. 2017), *rev'd and remanded sub nom. Trump v. Hawaii*, 138 S. Ct. 2392 (2018). The Supreme Court reversed this decision in *Trump v. Hawaii*, but it did so without any mention of the relevant APA § 706 analysis conducted, "assuming without deciding that plaintiff's statutory claims are reviewable. . . . ." 138 S. Ct. 2392, 2407 (2018).[1]  The Ninth Circuit determined that review under APA § 706 was appropriate in the context of a direct challenge to the statutory authority underpinning Proclamation 9645, INA § 212(f). *Hawaii v. Trump*, 878 F.3d at 674-675. In contrast, Plaintiffs here seeks only APA review of an individual waiver application pending pursuant to Section 3(c) of the Proclamation. Dkt. 1.

---

[1]  This Court recognizes that Ninth Circuit precedent suggests that a reversal (as in *Hawaii v. Trump*, 878 F.3d 662) still has precedential value while a vacated decision is entirely deprived of precedential effect. *See Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n. 2 (9th Cir.1991) ("A decision may be reversed on other grounds, but a decision that has been vacated has no precedential authority whatsoever."); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997).

Initials of Preparer                    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|

| Title | *Nategheh Yavari et al v. Michael Pompeo et al* |
|---|---|

 

Ninth Circuit district courts addressing this precise issue have done so by analogizing the waiver guidance provided by the State Department to an internal policy or procedure, which courts can then hold agencies accountable for following. *See Emami v. Nielsen*, 365 F. Supp. 3d at 1019-1020 (discussing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Morton v. Ruiz*, 415 U.S. 199 (1974)). Other district courts in the Ninth Circuit have analogously applied APA § 706 in the context of the Deferred Action on Childhood Arrival ("DACA") program, requiring agencies to comply with procedures outlined comprehensively in a memorandum created by the Secretary of the Department of Homeland Security. *See Torres v. U.S. Department of Homeland Security*, 2017 WL 4340385 (S.D. Cal. Sept. 29, 2017).

But *Accardi* itself involved a provision in the Code of Federal Regulation that specifically instructed the Board of Immigration Appeals to exercise its own discretion in considering immigration appeals, which they failed to do. *Accardi*, at 266-267. *Morton*'s reference to internal procedures subject to judicial review arose in the context of a dispute over whether a substantive policy regarding eligibility for benefits should be accorded deference due a legislative rule, despite failure to adhere to the agency's own stated publication procedure for such legislative rules. *Morton*, at 234-236. Circuit and district courts have subsequently articulated the doctrine to "stand for the proposition that agencies may not violate their own rules and regulations to the prejudice of others." *Damus v. Nielsen*, 313 F. Supp. 3d 317, 336 (D.D.C. 2018) (citations omitted) (collecting cases). While the Ninth Circuit has extended the *Accardi* doctrine beyond formal agency regulations, it has also implied that a policy capable of judicial review requires sufficient formality to bind the agency. *Alcaraz v. INS*, 384 F.3d 1150, 1162 (9th Cir. 2004). Other Circuits have centered *Accardi* analysis on the *agency's intent* in announcing a procedure or policy. *Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987).

Here, the Complaint and Exhibits provided to the Court appear to limit the extent of internal State Department policy and procedure to the text of the Proclamation itself and the response to Senator Van Hollen attached as Exhibit B. Dkt. 1; Dkt. 1-1, Ex. A; Dkt. 1-1, Ex. B. The State Department has issued no formal rule (as in *East Bay Sanctuary Covenant*) or detailed agency operating procedures (as in *Torres*), nor has it acknowledged any express intent to be bound by these procedures, as is central to the D.C. Circuit's version of the test. On the facts alleged here, this Court is not convinced that the State Department's implementation of Proclamation 9645's waiver guidelines is necessarily an "agency

Initials of Preparer          :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

action" reviewable under APA § 706(1), because the implementation amounts to little more than formalizing the arrangements described in Section 3(c) of the Proclamation. Dkt. 1-1, Ex. B.

In a similar vein, Defendants argue that 5 U.S.C. 701(a)(2) should apply to the waiver process, and thus preclude judicial review as "committed to agency discretion by law," citing the underlying statute the Proclamation relies on, which permits the president to suspend entry of aliens or impose restrictions "he may deem to be appropriate." 8 U.S.C. 1182(f). But such exceptions to judicial review are construed narrowly, in contexts where "statutes are drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), *abrogated on other grounds. Califano v. Sanders*, 430 U.S. 99 (1977); *Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (review is precluded where "a court would have no meaningful standard against which to judge the agency's exercise of discretion."). Given recent Ninth Circuit caselaw (reversed by the Supreme Court on other grounds) has interpreted § 701(a)(2) narrowly with regard to this very Proclamation, the Court declines to decide this 12(b)(6) motion on those grounds. *See Hawaii v. Trump*, 878 F.3d at 681.

### ii. Whether the 14 month waiting period for Plaintiff Salekian's waiver application constitutes an "unreasonable delay" under § 706(1) of the APA.

Assuming for the purpose of this Motion to Dismiss that the State Department's failure to issue a decision in Plaintiffs' waiver case can properly be considered under § 706(1) and § 555(b), the Court utilizes the seven "TRAC" factors endorsed by the Ninth Circuit in *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).[2] The "TRAC factors" are:

(1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4)

---

[2] Plaintiff's cause of action under § 555(b) is subject to the same legal standard as § 706(1), and thus the following analysis applies to both.

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (citing *TRAC,* 750 F.2d at 80). The most important is the first factor, the "rule of reason," though it, like the others, is not itself determinative. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). Here, the lack of any Congress-provided timetable, the second TRAC factor is inapplicable, and without any express allegations regarding the State Department's motives, the sixth TRAC factor is also unnecessary.

The weight of Ninth Circuit precedent regarding delays in the context of immigration processing sides strongly with the Defendants under the "rule of reason". *See Siwen Zhang v. Cissna*, 2019 WL 3241187, at *5 (C.D. Cal. April 25, 2019) (collecting cases). Plaintiff Salekian's waiver application was received by the State Department on August 6, 2018— approximately 14 months ago. Dkt. 1, ¶ 43. District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable. *Zhang*, at *5 (summarizing recent cases). More practically, the State Department is reviewing roughly 12,000 waiver applications from many different countries, while weighing national security concerns, personal hardship issues, and potential national benefit. Dkt. 20, pg. 4. On this record, the Court determines that the first and most important TRAC factor, the "rule of reason," strongly favors Defendants.

The third and fifth TRAC factors largely overlap and can generally be evaluated together given their focus on prejudice to human health and welfare. *See Islam v. Heinauer*, 2011 WL 2066661, at *8 (N.D. Cal. May 25, 2011). Plaintiff Salekian has alleged religious discrimination because of his Bahai faith, harm to his business, and mental health issues stemming from his continued residence in Iran. Dkt. 1, ¶ 44. These are concerns given more weight under the third TRAC factor, and the Court acknowledges and is sympathetic to the human suffering and uncertainty Plaintiff Salekian faces in Iran. Accordingly, both factors weigh in favor of the Plaintiffs.

The fourth TRAC factor concerns the effect of expediting action on agency action of higher or

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

competing priorities. *Babbit*, 105 F.3d at 507. The Proclamation at issue here is expressly couched in terms of national security issues centering around the countries named in the Proclamation, with particular regard to the "identity-management and information-sharing capabilities, protocols, and practices." Dkt. 1-1, Ex. A, pg. 2. As Defendants argued at the motion hearing, national security concerns constitute the stated purpose for the proclamation, and given that this purpose has been expressly approved by the Supreme Court, we must weigh this factor decisively in favor of Defendants. *Trump*, 138 S. Ct. at 2420.

Heeding the Ninth Circuit's guidance that the first TRAC factor is the most important, this Court finds that the balancing test weighs decidedly with Defendants, and accordingly that as a question of law, Plaintiffs' allegations cannot constitute a plausible claim for relief. Because the period of the delay is the strongest factor, and slightly more than a year is drastically short of what constitutes an unreasonable delay in the Ninth Circuit, only very substantially longer delay could constitute sufficient factual allegations to implicate § 706(1)'s unreasonable delay or § 555(b)'s reasonable time. As only the passage of a substantial longer period of time can cure this issue as a matter of law, Defendants' motion is GRANTED on both causes of action alleged by Plaintiffs.[3]

Plaintiffs cite to *Emami v. Stevens*, 365 F. Supp. 3d 1009 (N.D. Cal. 2019) in order to argue that their claim is properly cognizable as determined in an Order denying a Motion to Dismiss against that putative class-action. Setting aside that other district courts decisions are persuasive only, this Court notes that Plaintiffs in *Emami* pled substantially broader factual allegations and chose to contest the entirety of the government's waiver program rather than any individual decision or indecision. *Id.* at 1018-19. Plaintiffs in *Emami* have advanced claims regarding a policy of blanket denials by Defendants rather than any individually unreasonable delays, and this Court also notes that Plaintiff Salekian is presumably a member of that putative class.

---

[3] This Court also acknowledges and agrees with Defendants' uncontested argument that Plaintiffs' declaratory relief claims are wholly derivative of their underlying APA and mandamus claims, and thus dismissal of those claims causes any request for declaratory relief to also fail. *See Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011).

Initials of Preparer                           :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02524-SVW-JC | Date | 10/10/2019 |
|---|---|---|---|
| Title | *Nategheh Yavari et al v. Michael Pompeo et al* | | |

**V.    Conclusion**

Defendants' motion is GRANTED, and both Plaintiffs' mandamus and APA claims are DISMISSED. In this Court's view, only a much longer delay of final adjudication of the waiver can cure the deficiencies in Plaintiffs' Complaint. This dismissal is without prejudice solely to permit refiling on these grounds at a much later date.

Initials of Preparer                    :

PMC